UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 14-cv-00662-RPM

PHILIP E. BARBER,

      Plaintiff,

v.

CRIMSON RESOURCE MANAGEMENT CORP.,

      Defendant.

## AMENDED COMPLAINT

Plaintiff Philip E. Barber, by and through his counsel, for his complaint against Crimson Resource Management Corp. (hereinafter the "Company" or "Defendant"), states and alleges as follows:

### INTRODUCTION AND ACTUAL CONTROVERSY

1. This case arises out of Plaintiff's employment as a "key employee" with the Company. Plaintiff seeks declaratory relief pursuant to Colo. Rev. Stat. §§ 13-51-101 *et seq.* and C.R.C.P. 57 in the form of a declaration of his rights, and Defendant's obligations pursuant to the Crimson Resource Management Corp. Well Participation Investment and Bonus Plan (the "Plan"). An unsigned copy of the Plan is incorporated by reference herein and attached hereto as **Exhibit 1**. The Plan was created to provide key employees, such as Plaintiff, with certain financial opportunities.

2. Plaintiff further seeks relief on his claims for violation of Colo. Rev. Stat. § 8-4-101 *et seq.*, breach of contract, and promissory estoppel/unjust enrichment.

3. The Plan granted Plaintiff, as a key employee, certain compensation in the event of, *inter alia*, "a change of ownership or effective control of the Company or the ownership of a substantial portion of the assets of the Company."

4. Upon information and belief, there was "a change of ownership or effective control of the Company or the ownership of a substantial portion of the assets of the Company" and yet Defendant has failed to provide Plaintiff with the compensation required pursuant to the

-2-

Plan.

5. Accordingly, Plaintiff seeks a declaration that there was "a change of ownership or effective control of the Company or the ownership of a substantial portion of the assets of the Company" and that Defendant therefore owes Plaintiff compensation required pursuant to the Plan.

6. Plaintiff seeks this declaration because an actual controversy has arisen between Plaintiff and the Defendant in that Plaintiff maintains that he is owed compensation under the Plan, and Defendant maintains that Plaintiff is owed nothing under the Plan.

7. Plaintiff's claims for violation of Colo. Rev. Stat. § 8-4-101 *et seq.*, breach of contract, and promissory estoppel/unjust enrichment also arise from Defendant's refusal to make the requisite compensation payments to Plaintiff in accordance with the Plan, despite demands to pay such amounts.

## THE PARTIES

8. Plaintiff is an individual residing in Evergreen, Colorado.

9. The Company is a Colorado corporation with its principal place of business in Denver, Colorado.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendant.

11. Pursuant to Colo. Const. Art. VI, § 9 and Colo. Rev. Stat. § 13-1-124, subject matter over the Defendant is proper in Denver County District Court, where this litigation was originally filed.

12. Plaintiff denies that the United States District Court for the District of Colorado has proper subject matter jurisdiction over this case.

13. Pursuant to C.R.C.P. 98(c), venue is proper in Denver County District Court, where this litigation was originally filed.

14. Plaintiff denies that the United States District Court for the District of Colorado is the proper venue for this action.

## FACTUAL ALLEGATIONS

15. The Company owns oil and gas properties, and drills wells from which oil and gas are brought into production.

16. Plaintiff commenced employment with Company on or about August 1, 2005, as the Chief Financial Officer.

17. Plaintiff and The Company entered into the Plan, which became effective in October 2007, and provided Plaintiff and other "key employees" the right to invest in certain of the Company's wells and receive bonus payments based on the results from the wells.

18. Both prior to and subsequent to Plaintiff's entry into the plan, Defendant, by and through its officers and employees, made promises to Plaintiff that it would pay Plaintiff an amount calculated pursuant to Paragraph 18(a) of the Plan in the event there was a Change of Control at The Company.

19. Plaintiff continued in his employment with the Company, and did not seek alternative employment in reliance upon Defendant's promises.

20. Pursuant to the Plan, Plaintiff invested his own money in thirteen (13) wells operated by the Company.

21. The Plan requires certain quarterly payments be made to participants of The Plan. Some of these payments could be deferred (reinvested) back into The Plan. Barber invested additional funds into these wells by deferring (reinvesting) quarterly payments due to him under The Plan.

22. In addition, The Plan requires that a "liquidation" payment be made to participants upon the occurrence of certain events as defined in Paragraph 14 of The Plan.

23. Pursuant to Paragraph 18 of The Plan, the amount of any such "liquidation" payment depends on *which* of the defined events occurred.

24. One of the events triggering a liquidation payment, set forth in Paragraph 14(e) of the Plan is "a change of ownership or effective control of the Company or the ownership of a substantial portion of the assets of the Company, as those terms are defined in Treas. Reg. § 1409A-3(i)(5)." The Plan requires any such payment to be made within fifteen (15) days of a "liquidation" event.

25. On or about November 30, 2010, Defendant's CEO, Gary L. Buntmann, who, upon information and belief owned a 50% stake in the Company as of November 30 2010, entered into a transaction where he purchased the remaining stake and, following the transaction, owned a 100% stake in the Company (the "Transaction").

26.     While Mr. Barber was aware of the potential reorganization prior to execution, he was not heavily involved in the negotiations, and did not participate in the consummation of the Transaction.  However, Mr. Barber and Mr. Buntmann were advised by The Company's outside CPA in September 2010 that if the Transaction was consummated, it would qualify as a "liquidation" event defined under the Plan.

27.     Mr. Barber, despite being The Company's CFO, was not provided a copy of the executed Reorganization Agreement at the time, and was generally unaware of exactly what, if any transaction occurred in November 2010.   Upon learning of the terms of this Transaction in the fall of 2011, Mr. Barber wrote to Mr. Buntmann and asked for an accounting under the Plan.

28.     As a result of, and subsequent to, the Transaction, Plaintiff was entitled to receive payments but, upon information and belief, Defendant intentionally failed to disclose the Liquidation Event to Plaintiff.

29.     Defendant failed to pay Plaintiff the liquidation payment to which he was entitled under the Plan, and in accordance with Defendant's promises, as a result of the Transaction.

30.     Plaintiff resigned from the Company on November 23, 2011.  But for the earlier Transaction, Plaintiff's resignation would have been a "liquidation" event defined by the Plan.

31.     Following Plaintiff's resignation, Defendant paid Plaintiff an amount consistent with his resignation as the "liquidation" event under Paragraph 18(b) of the Plan, ignoring the earlier Transaction which requires Plaintiff be paid a greater amount pursuant to Paragraph 18(a) of the Plan.

32.     On or about January 21, 2012, within sixty (60) days of his termination, Plaintiff demanded that the Company pay him the amounts owed as a result of the Liquidation Event.

33.     The Company intentionally refused to pay Plaintiff the amounts owed, claiming that the Transaction was not a "liquidation" event, despite the original advisement from its CPA.

34.     As a result of Defendant's conduct, Plaintiff has suffered damages.

## COUNT I
### Request for Declaratory Judgment

35.     Plaintiff hereby incorporates by reference all allegations set forth above as if fully set forth herein.

36.     There is an actual controversy between Plaintiff and Defendant over whether Plaintiff is entitled to amounts owed as a result of the Liquidation Event.  Plaintiff contends he is owed certain amounts, and Defendant claims he is not.

37. Once the Court declares that Plaintiff is owed certain amounts as a result of the Liquidation Event, any uncertainty regarding what is owed to Plaintiff shall be removed and the Parties' actual controversy involving the Plan shall be resolved.

## COUNT II
### Violation of Colo. Rev. Stat. § 8-4-101 *et seq.* (Colorado Wage Claim Act)

38. Plaintiff hereby incorporates by reference all allegations set forth above as if fully set forth herein.

39. Plaintiff was due "wages" and/or "compensation", as those terms are defined under Colo. Rev. Stat. § 8-4-101 *et seq.*, in the form of the "liquidation" payment set forth in Paragraph 18(a) of the Plan.

40. By virtue of Plaintiff's resignation, such amounts became due and payable immediately.

41. Defendant knew, or reasonably should have known, that it had an obligation to pay Plaintiff the "liquidation" payment set forth in Paragraph 18(a) of the Plan as a result of the Transaction.

42. Defendant knowingly and willfully failed to make payments of vested and determinable amounts owed to Plaintiff as required by the Colo. Rev. Stat. § 8-4-101 *et seq.*

43. Plaintiff demanded such payments, but Defendant willfully refused to pay such vested and determinable amounts to Plaintiff pursuant to his demands.

44. Defendant's conduct caused Plaintiff actual damages in an amount to be determined at trial, including, without limitation, penalties and attorneys' fees as provided by statute.

## COUNT III
### Breach of Contract

45. Plaintiff hereby incorporates by reference all allegations set forth above as if fully set forth herein.

46. Plaintiff and Defendant entered into the Plan pursuant to which Defendant agreed, *inter alia*, to make payments to Plaintiff upon, *inter alia,* a Liquidation Event.

47. Defendant intentionally and materially breached the Plan by failing to pay Plaintiff the payments owed under the Plan.

48. Plaintiff has fully performed his obligations under the Plan, or is excused from performing all of its obligations due to the wrongful acts of Defendant.

49. Plaintiff has been damaged by Defendant's breach of contract, in an amount to be proven at trial.

## COUNT IV
### Promissory Estoppel/Unjust Enrichment

50. Plaintiff hereby incorporates by reference all allegations set forth above as if fully set forth herein.

51. Defendant made promises to Plaintiff that it would make certain payments upon the occurrence of a Change of Control.

52. Defendant should reasonably have expected that its promises would induce action or forbearance by Plaintiff.

53. Plaintiff reasonably relied upon Defendant's promises to Plaintiff's detriment, including, without limitation, by continuing in his employment and not seeking alternative employment.

54. Defendant's promises have to be enforced to prevent injustice and to prevent Defendant from being unjustly enriched.

55. Plaintiff has been damaged by Defendant's willful failure to abide by its promises, in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and further:

A. Determine and declare that a Liquidation Event did occur for which Plaintiff is owed additional amounts based on the terms of the Plan, and grant specific performance thereto;

B. Award Plaintiff actual damages;

C. Award Plaintiff penalties on his claims under Colo. Rev. Stat. § 8-4-101 *et seq.*;

D. Award Plaintiff pre- and post-judgment interest;

-7-

E.      Award Plaintiff costs of this action, including reasonable attorneys' fees, including with respect to the claims under Colo. Rev. Stat. § 8-4-101 *et seq.*;

F.      Grant an accounting to Plaintiff and other equitable relief; and

G.      Grant any further relief as the Court deems just and appropriate, and any other relief as allowed by law.

Plaintiff further reserves his right to seek to amend his Complaint to request punitive damages in accordance with C.R.S. § 13-21-102.

Date:   April 24, 2014

McNamara Roseman & Kazmierski LLP

/s/ Mathew S. Shechter
Todd J. McNamara, Esq.
Mathew S. Shechter, Esq.
1640 East 18th Avenue
Denver, Colorado 80218
Telephone: (303) 333-8700
Facsimile: (303) 331-6967
Email:  tjm@18thavelaw.com
           mss@18thavelaw.com

*Attorneys for Plaintiff*

Plaintiff's Address:
6538 Jungfrau Way
Evergreen, CO  80439